United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDY ABIMAEL LOPEZ PEREZ, Petitioner, v. SERGIO ALBARRAN, et al., Respondents. | Case No. 3:26-cv-14110<br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br>Re: ECF No. 2 |

This morning, November 18, 2026, while on the way to his landscaping job, Petitioner Fredy Abimael Lopez Perez was pulled over in San Rafael, California, by individuals in a large dark car with police lights and a siren. Petitioner also had a coworker riding as a passenger in the car. Two individuals approached Petitioner's car: one wearing a ski mask, and both with "ICE" printed across their chests. Petitioner does not recall the individuals identifying themselves. The individuals asked for Petitioner's license and registration, which he provided. Then, the officers showed Petitioner a photograph of a person and asked if it was Petitioner. Petitioner told them it was not him. The individuals claimed the person in the photograph had the same first name, last name, and date of birth as Petitioner. The individuals then ordered Petitioner to get out of his car, and as soon as he did so, the individuals told Petitioner that they had a warrant for his arrest and that he was under arrest.

The individuals did not show Petitioner a warrant. Petitioner's coworker watched the exchange and also did not see the individuals present a warrant or any other document. After presenting the individuals with his ID and confirming that he is a lawful permanent resident, Petitioner's coworker was permitted to drive away. But the individuals handcuffed Petitioner and placed him in their vehicle.

Meanwhile, the officers allowed Petitioner's coworker to leave after checking his immigration status. The Petitioner's coworker called their supervisor at 6:34 a.m. (timestamped in his phone) that morning to report Petitioner's arrest and ask for help contacting Petitioner's family.

Once the individuals placed Petitioner in their car, they told Petitioner that he was right—he is not the person in the photograph they had shown him. After Petitioner mentioned that his daughter is in the military, the individuals asked for Petitioner's work address so they could drive him there. But "after apparently speaking with someone else," they did not do so, and instead took him to Larkspur, California, where he was transferred to another vehicle with other detainees and driven to the Immigration and Customs Enforcement ("ICE") Field Office at 630 Sansome Street in San Francisco. ECF No. 3 at 10. Only after arriving at the ICE Field Office was petitioner shown a purported warrant for his arrest: an I-200 form with no "A-number" listed, and that bore a supervisory officer's digital signature time-stamped at 6:48:04 a.m. This "warrant" was therefore created at least fourteen minutes after the officers arrested Petitioner on the pretense of having a warrant.

Petitioner Perez has lived in the United States for approximately 22 years, since 2004. He is married, and lives with his wife and his four U.S. citizen children. The oldest of his children serves in the U.S. Army Reserve after recently completing a period of active duty. His other children are 14, 11, and 7 years old. Petitioner Perez works in a steady job in landscaping that he has held for the last ten years. Petitioner Perez regularly attends church with his family and takes his children to their sports games. "Apart from a few traffic stops that have been resolved, he has no criminal record." ECF No. 3 at 9.

Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"), and an Ex Parte Motion for Temporary Restraining Order contending that he is being unlawfully confined in violation of the Constitution and laws of the United States. ECF Nos. 1, 2, 3. The Court finds that the requirements for issuing a temporary restraining order ("TRO") without notice pursuant to Federal Rule of Civil Procedure 65(b) are met. The Court also finds that Petitioner is likely to succeed on the merits of their claims. The Court GRANTS Petitioner's

Ex Parte Motion for a TRO to preserve the status quo pending further briefing and a hearing on this matter. ECF No. 2. The Court **ORDERS** that Respondents **IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 18, 2026**.

## I. ANALYSIS

The Court has reviewed the Petition. The Court finds that the requirements for issuing a TRO without notice set out in Federal Rule of Civil Procedure 65(b)(1) are met in this case. Petitioner's attorney has set out specific facts showing that immediate and irreparable injury, loss, or damage may result before the adverse party can be heard in opposition.

The Court finds that Petitioner has shown at least that there are "serious questions going to the merits" and that "the balance of hardships tips sharply" in his favor. *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014). Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

This Court finds that the three factors relevant to the due process inquiry set out in *Mathews v. Eldridge*, 424 U.S. 319 (1976)—"the private interest that will be affected by the official action," "the risk of an erroneous deprivation . . . and the probable value, if any, of additional or substitute procedural safeguards," and "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail," *id.* at 335—require that Petitioner be immediately released from custody, and that they be given notice and a pre-detention hearing before a neutral decisionmaker prior to being taken back into custody. Petitioner has a substantial private interest in remaining out of custody, which would allow him to take care of his family, and continue his employment. *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972).

## II. CONCLUSION

Accordingly, the Court hereby **GRANTS** Petitioner's Motion for a Temporary Restraining

Order. ECF No. 2. In this case, in light of the minimal risk of harm to the government, the Court determines that security is not required.

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby **ORDERED** as follows:

- Respondents are **ORDERED TO IMMEDIATELY RELEASE PETITIONER FROM CUSTODY TODAY, NOVEMBER 18, 2026, IN SAN FRANCISCO, CALIFORNIA.** Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner without notice and a pre-deprivation hearing before a neutral decisionmaker, and from removing them from the United States. Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.
- The Court shall evaluate the merits of Petitioner's habeas petition simultaneous to the request for preliminary injunctive relief. *See* Fed. R. Civ. P. 65(a)(2) (Before or after beginning the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing.); *see also* 28 U.S.C. § 2243 ("The court shall summarily hear and determine the facts, and dispose of [a petitioner's habeas petition] as law and justice require."). Respondents shall answer or otherwise respond to the Petition (not the TRO motion) by no later than November 20, 2026. Any response must include the Petitioner's full Forms I-213, any orders of release or detention, any custody warrants or notices, Petitioner's criminal history to the extent one exists, and any other portions of Petitioner's A-File relevant to the determination of the issues presented in the Petition. Failure to timely respond shall be construed as a non-opposition. Civil L.R. 230(c).
- Petitioner may file a reply by November 24, 2026.
- In addition, by no later than noon on November 19, 2026, Respondents are DIRECTED to file a status report with the Court verifying at what time on

United States District Court
Northern District of California

November 18, 2026, Petitioner was released.

- The Court sets this matter for a hearing on Wednesday, November 25, 2026, at 9:00 a.m. via videoconference.
- Counsel for Respondents shall promptly enter notices of appearance.
- In the time before the hearing, the parties are ORDERED to meet and confer to see if they can resolve this matter without further judicial intervention.

**This Order shall remain in effect until November 25, 2026, at 8:00 p.m.** Petitioner shall serve this Order via email on Pamela Johann, Chief of the Civil Division of the U.S. Attorney's Office for the Northern District of California, at pamela.johann@usdoj.gov.

**IT IS SO ORDERED.**

Dated: November 18, 2026, 8:30 p.m.

Noël Wise
United States District Judge